So thank you very much for having us here for oral argument. This is the first time we've been able to present anything in person regarding this claim in the four years that it's been pending other than some meetings with FEMA to try to explain different aspects of the claim. As opposed to having an opportunity to make a presentation to an arbitrator or make a presentation even to the district attorney. This is the first time we've actually been able to make a presentation. Mr. Dunlop, I want to try to set the procedural stage. After you did not prevail in the arbitration, you filed a motion to reconsider, which was denied by the arbitration panel. The arbitration panel basically said there is no basis for a motion to reconsider under our rules, but luckily you have found an exception. You did not challenge the underlying merits decision in district court. Your motion to set aside the arbitration decision challenged only the decision on the motion to reconsider. I want to know how, in the light of that, we have to cabin or restrict what we can look at in trying to rule on your case because you didn't challenge the underlying decision, you only challenged the denial of the motion to reconsider. We're not asking the court to look at the merits of the claim today. We want this court to I rephrase that poorly. It seems to me that by your challenging only the motion to reconsider, that's the only thing we can take a look at in deciding whether there was this misconduct you're claiming where you weren't allowed to put on evidence or you weren't allowed to use the FOIA information. It just seems to me that that really restricts what claims you can present here. I disagree. Because you never talk about it in your brief. You talk about your brief as if you were showing misconduct based on this underlying decision. In fact, the only thing you complained about in district court was the denial of the motion to reconsider, which is a much more limited standard for relief. Well, Your Honor, they're part and parcel of each other. And you didn't even file a reply brief when they point this out in their brief. Again, we think they're part and parcel of each other. Had the motion to reconsider been granted and we've been given a chance to argue the case before the board or the three arbitrators, then there would not have been any misconduct by the arbitrators. But the fact is, is that FEMA wrote the rules that we're trying to follow in seeking this arbitration. In the rule, it says that the panel, the arbitration panel, will provide the applicant and FEMA with an opportunity to make an oral presentation. It will provide that. And they didn't. And also under Part I of the rule, the arbitration panel will consider all relevant written materials as well as oral presentations by both the applicant and FEMA, if any. So what we're asking this Court to do is order that the arbitration take place, not that we're not asking the Court to look to the merits. And with respect to your question, Judge Barksdale, on whether or not we're asking for a review of the rehearing denial, again, we believe that's part and parcel of the dismissal of the claim without having an oral presentation. What's important here is that our expert witnesses get an opportunity to explain this, why this is a system. Well, before you get there, I'm looking at this motion to reconsider and the ruling on it at page 2. And it states, moves this panel to reconsider its decision. Then it says, LDNR maintains that the panel did not address one of the issues the applicant raised in its request for arbitration, which it characterizes as being that Louisiana's coastal barrier resource system and the individual, not the individual islands making it up, are eligible for a public assistance grant. So it seemed that instead of you saying to the arbitration panel, you didn't let us make oral argument, you didn't let us present evidence, all you're complaining about is that you didn't treat this as a system. And again, at least to me, that is a colorable claim or consideration that you're asking for relief from us that is precluded based on the fact you're only challenging the denial of your motion to reconsider. Well, in the motion to reconsider, we asked the arbitrators to reconsider this conclusion that the barrier islands are not a system under the law. I mean, they are a system. Well, I agree, but that's totally different from saying the arbitration panel engaged in misconduct by not allowing us to present evidence or make oral argument. Well, I don't know why you didn't, I don't know why you maintained this case as you did, but it's your case and that's what you did. Well, I would respectfully disagree that this is not part and parcel of the whole thing. I mean, the fact is that if the system claim is taken away from us and the arbitrators say, well, we don't like this system claim, go back and refile on an island-by-island basis. That's where our heartburn is and that's why we asked for an oral presentation was to explain why this is a system. The bottom line is, is that with respect to these islands, this is the CDR structure of these islands. The department put in 50 million cubic yards of sand after Katrina and Rita that flows in and out of these geomorphic structures out here in the Gulf. And when you say no system argument, island-by-island basis, you strand millions of dollars and millions of cubic yards of sand that is not on the island but is flowing in and out of the system. And these were engineered well before Katrina and meet every definition of the system. We think that our expert witnesses in an oral presentation would have been able to explain this to the arbitrators. And now what we're left with is only the ability to make an island-by-island claim, which will not make whole the State's, the State of Louisiana for the restoration work they did on the islands. Sotomayor, what's your strongest case under 10a3 that a Federal court would vacate because of inattention? What's your best case? Because the case you cite, you cite Forsyth. Right. But Forsyth vacated a district court that did do that. So you see this language both in the Forsyth case and a lot of district court cases in Louisiana, that the arbitrator is not bound to hear all of the evidence tended by the parties. However, he must give each of the parties of the dispute an adequate opportunity to present its evidence and argument. What's your best case? Forsyth. But Forsyth, our court reversed a district court. Right. And then the government's response, this gets to your answer earlier, the government responds with other cases like our laws versus Morgan Stanley. Right. But when no reply brief comes in, that puts all the pressure on you right now with very little time to start answering cases you chose not to respond to. Well, I would say that our best case is not a circuit court of appeals case. It's the White v. Valero case, which we also cite. White v. Valero? Yes. Okay. As another example, the government in its brief at FEMA, its brief at 19 says, Plaintiff now suggests that it suffered prejudice because notwithstanding the panel's invitation to submit an application, it has, quote, lost its ability to further advance its systems approach, close quote. Plaintiff never advanced that argument to the district court and it is therefore waived. Yet again, you didn't follow a reply brief. Why didn't you respond to this? Well, I don't know that I can answer that. It was a strategy decision made with respect to the consultation with the client and whether or not this effort undertaken to do the island by island claim was going to receive priority. I'm concerned that FEMA may be right in the point you just read, which is that we don't have an opportunity to make a systems argument at this point, not without relief from this court. And Judge Jackson certainly adopted basically what the arbitrator said in their reasons, which was that this is not a system. And that's what we're asking this court to do, is to order that the arbitration take place and the hearing take place so that we can prove to the arbitrators that this is a system of islands and not just island by island claims, which is what FEMA has urged the arbitrators to do. And now, even though we've filed these claims on an island by island basis, I think it's interesting to note that FEMA is opposing them as well. So they don't like that approach either, even though the arbitrators have invited us to make these claims. It was your choice to go to arbitration, is that right? That's right, Your Honor. You have a choice to do an administrative appeal through the agency or go through arbitration. Arbitration seemed to us, given the meetings we had had with FEMA and FEMA Region 6 during the process, arbitration seemed to be a way that we could convince a neutral or a group of neutrals that the islands are, in fact, a system and qualify for public assistance under the Stafford Act. Did you have any role in the selection? Your side have any role in the selection of the arbitrators? No. The rulemaking creates this out of, I don't want to say whole cloth, but they grab the judges from the Civilian Board of Contract Appeals to sit and we were just told who the judges were going to be. So it's not like a construction contract arbitration clause where you get to go back and forth on who the arbitrators are going to be. In fact, even a construction contract arbitration clause doesn't have the requirement of an oral presentation that's in Federal law, which is what is required here. Is there anything in the record as to why there was a delay from 2005 when these hurricanes occurred until 2013 when this FEMA grant was requested? I don't know that there's anything in the record there, Your Honor, but a lot of it has to do with the way the Louisiana Legislature rearranged responsibilities for coastal protection and coastal restoration by creating a new cabinet level position and a new infrastructure for this. So the original claims that were made right after the storm were made by the Louisiana Department of Natural Resources. The coastal folks from that department or that agency have now moved over to the CPRA, the Coastal Protection and Recovery Authority. It was before I was hired, but my conjecture is that given the bureaucratic back and forth with respect to that reorganization, the claim before you today or the claim that is at issue today was made in its final form by the new agency. Although prior claims for other coastal structures had been made and some were paid by FEMA, the claim specifically to these CBRS islands was not made until many years after the storm. So I wanted to talk briefly at the end here about prejudice and what we contend that the prejudice the state has suffered, and we've talked about it a little bit already, and that's this concept of the system. And the prejudice comes down to the dollars that the state spent on putting sand into the system that is not on an island, that is no longer on an island, but it was paid for. And so the fact that the sand flows in and out is eliminated if we can't proceed on a systems approach. If we only have to go island by island, those dollars are gone forever. And that's the prejudice we suffer under the analysis under the Federal Arbitration Act. Thank you. All right. Thank you, Mr. Dunlap. And you've saved time for a rebuttal. Yes, sir. Ms. Freyer. Thank you. And may it please the court, Tylynn Freyer for the government. I'd like to make just a few quick points here this afternoon. First, that the FAA permits vacator only in limited, extraordinary circumstances, circumstances such as misbehavior and, of course, as relevant here, misconduct. Now, a plaintiff first argues that the panel was guilty of misconduct because plaintiff was unable to present a certain expert testimony at a hearing before the panel. Let me ask you, and I'll just ask you what I ask him. Why in the light of the fact that they only challenged in district court the denial of reconsideration, which doesn't talk about any of that, why are we talking about not allowing oral argument or not allowing evidence? I guess I'm trying to draw an analogy to the way we would handle this if it were a criminal or civil case of a different ilk. I'm just a little bit confused about the process. And if Your Honor thinks that the question is more narrow on appeal. I'm not saying what I think. I'm asking you what you think. Yes, Your Honor. I think maybe some of the confusion here lies in the fact that the district court's opinion would appear to apply equally to the reconsideration decision and the merits decision. The arbitration panel in its reconsideration decision repeats in a more fulsome manner its original conclusion in the merits decision that the system of violence does not qualify as a system under the relevant regulation. And so it appears out of an abundance of caution, the arbitration panel issued a second reconsideration decision where it explained in a more robust manner why, based on the written presentations presented to it, plaintiff's theory fails. And so in this regard, plaintiff has almost received more process even than contemplated in the regulations to begin with. And as Judge Smith pointed out, plaintiff here elected this arbitration procedure in lieu of the normal administrative review scheme. Plaintiff did so knowing that judicial review would be available under the very high standard under the FAA that the arbitration panel must be, again, quote, guilty of misconduct, unquote. Does Forsyth say that, that categorically, that it has to be fraud, misconduct is equivalent to fraud? Forsyth, in that case, says that this court looks to whether or not the arbitration proceedings are fundamentally unfair. Yes, and that is not. So the inability to present could exist under 10A3 without fraud? Your Honor, I'm sorry. Your Honor's question is whether the inability to present any expert testimony could hypothetically rise to the level of a refusal to hear. If an arbitral panel refused to hear, I would think that would pretty equally get to fundamental unfairness without a categorical rule that it's got to be the other elements described in 10A3. Yes, Your Honor. Maybe the way to turn it into a question is could you comment on this White v. Valero case he says is the most apt, if you're familiar with it? Your Honor, that's, I believe, a district court case. Yes. And actually, I don't think that that's the most pertinent case here. I think, as Your Honor's pointed out, the Laws case, the Forsyth case. It may not be, and I'm just as guilty that I don't remember. I'm sure he cited it in his brief. Do you remember that White v. Valero case or not? I do not, Your Honor. And that's because we've been relying on the well-established precedent in this court's cases that, again, the error committed by the arbitration panel has to rise to the level that it has basically infected the entire proceeding such that it can be said the plaintiff was deprived entirely of a fair hearing. And that's not what occurred here. By plaintiff's own argument, plaintiffs sought in this hearing to present expert testimony relating to a technical study that it submitted on the papers to the arbitration panel. And so the panel had that study before it. The arbitration procedures contemplate that this dispute resolution process proceeds primarily on a written record. And so plaintiff's arguments are misplaced that it did not have the opportunity to present all the information that it wanted to before the panel. Actually, in fact, plaintiff could have submitted even more to the panel than what it submitted to the agency in its initial determination. So plaintiff did have that opportunity to submit all the documents that would support its position, and plaintiff submitted over 100 exhibits and actually admitted to the district court also that the issue was extensively briefed. And as the district court correctly held, there's simply not a statement as to what plaintiff would have said differently had it had the opportunity to present essentially an engineer at a hearing before the panel. Moreover, plaintiff's claims as to prejudice are particularly misplaced since plaintiff has had the opportunity to submit additional applications for all of the individual islands to show that there are eligible facilities on the individual islands, and plaintiff has taken advantage of that opportunity, resubmitted those applications that would have otherwise been time-barred, and those applications are now proceeding to arbitration. What do you... I'm sorry. I was just trying to understand. He said y'all had objected to the FEMA request, and now you're telling us all of these individual applications are going to arbitration? Yes, Your Honor. Those new funding applications were submitted in August of 2016. Later, there was an initial determination issued by the agency highlighting deficiencies in those applications and giving plaintiff yet another chance to cure those deficiencies. Since then, a final determination on those individual applications has issued as of November 14th of this year, denied on the same grounds, and plaintiff has once more elected to take that dispute through the arbitration process, all those 15 individual applications. So plaintiff has a chance once more before separate arbitration panels to pursue disaster relief assistance under the theory that these islands house eligible facilities. And so, again, to say that plaintiff has suffered serious prejudice such that it was deprived of an opportunity to pursue disaster relief assistance in this case is once more a misplace. And with regard to the FOIA issue, Your Honors, we're happy to rest on our brief there. If there are no further questions, we would ask that the judgment of the district court be affirmed. Thank you, Ms. Trehear. Mr. Dunlap, you've saved time for a bubble. Thank you, Your Honor. The light bulb finally came on for me, Judge Barksdale. I think I know what you were asking about with respect to only asking the court to review the rehearing decision by the arbitration panel. We felt like that rehearing decision encompassed everything we wanted the court to review, including both may have complicated the issue, but all of the issues that were discussed in the first arbitrator decision were discussed in the rehearing decision. With respect to what's going on right now, we have filed the 15 individual island-by-island claims that we were invited to do by the arbitrators. There was a conference call a week ago with the arbitrators and all parties. They were denied, and you chose arbitration again. Right. Chose arbitration again. We've got the arbitrators assigned. They had a conference call. On the call, FEMA indicated that they intended to file motions to dismiss on all 15 summarily, in the same manner that they did with the matter in which we're here before you, the systems claim that included all of the islands as a system. The theory under this claim is a little different because we're precluded from going forward under a systems-based argument. So this is engineered and maintained beaches. The eligibility argument is slightly different in this claim. And, again, the money is slightly different as well. Thank you. All right. Thank you, Mr. Dunlap. Your case and all of today's cases are under submission, and the court is in recess until 1 o'clock tomorrow.